OPINION
Defendant-appellant Derek Stevens appeals from the October 30, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 8, 1999, the Tuscarawas County Grand Jury indicted appellant on one count of corruption of a minor in violation of R.C.2907.04, a felony of the fourth degree. At his arraignment on January 5, 2000, appellant entered a plea of not guilty to the charge contained in the indictment.
As memorialized in a Judgment Entry filed on August 29, 2000, appellant subsequently changed his plea and entered a plea of guilty to one charge of corruption of a minor in violation of R.C. 2907.04. Appellant's guilty plea was entered after appellee indicated on the record that, with the approval of the victim's family, appellee would recommend community control sanctions with appropriate counseling. A written "Acknowledgment of Guilty Plea" signed by appellant also was filed on August 29, 2000. The "Acknowledgment of Guilty Plea," which the trial court reviewed in detail on the record with appellant, contains the following language:
. . .
 3) That I have not been coerced or required to plead Guilty, and that no promises have been made to me by the Prosecuting Attorney, or anyone representing the State of Ohio; EXCEPT that after extensive consultation with the victim and the victim's family to include her father, and at the request of the family, the State agrees to recommend no jail time in light of the defendant's recent confinement in prison, Community Control Sanctions with appropriate counseling, and that the defendant have no direct or indirect contact with the victim or her family.
 I FURTHER UNDERSTAND THAT ANY AGREEMENTS CONCERNING SENTENCING HEREIN ARE ONLY BETWEEN MY ATTORNEY AND THE STATE OF OHIO; AND, THEY ARE NOT BINDING ON THE JUDGE HEREIN, TO WIT: JUDGE THOMAKOS.
The trial court, in its August 29, 2000, Judgment Entry, ordered a presentence investigation and indicated that appellant may be referred to the Intensive Supervision Program (Community Corrections) of Tuscarawas County. However, appellant was denied admittance into such program since he had four criminal convictions over a two year period involving females under the age of eighteen and since appellant had failed to comply with supervision in the past.
Thereafter, a sentencing hearing was held on October 6, 2000. At the sentencing hearing, the trial court informed appellant that it had received an arrest report on October 4, 2000, indicating that "that he [appellant] had been arrested on the third [of October] and that a motion to revoke probation would be forthcoming and the basis is that he opened a checking account with a check from a closed account and then proceeded to write several bad checks, . . ." Transcript at 10-11. Appellant's counsel responded as follows:
 All right, your Honor. Obviously, I have not been able to review that with my client, with being given notice of that today. So, what I would respectfully request this Court to do would request this Court to follow that recommendation of the prosecutor and place him on community control sanctions. If the Court is not inclined to do that because of the recent circumstances, I would ask this Court to allow myself more time to be able to talk to him about that situation so that I can be better able to represent my client and to defer sentencing to a later time.
 But of course, if this Court is inclined to go ahead and follow that recommendation of the prosecutor and to place him on probation, we would not need that additional time to confer on the new situation. (Emphasis added.)
Transcript at 11. However, the trial court, after refusing to defer sentencing, sentenced appellant to a maximum sentence of eighteen months in prison. As memorialized in the October 30, 2000, Sentencing Entry and the transcript of the sentencing hearing, the trial court, in sentencing appellant, emphasized that the injury to appellant's victim was worsened because of the victim's age, that the victim may have suffered serious physical or psychological harm, that appellant was on community control at the time of the offense, that appellant had engaged in further criminal activity while awaiting sentencing, that appellant had a lengthy juvenile delinquency and criminal history, and that appellant had failed to respond favorably to probation or parole, among other factors.
It is from the trial court's October 30, 2000, Sentencing Entry that appellant now raises the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT OVERRULED DEFENDANT'S MOTION FOR A CONTINUANCE, MADE PRIOR TO SENTENCING; AS ADDITIONAL TIME WAS NEEDED FOR THE DEFENDANT TO CONSULT WITH COUNSEL TO DETERMINE WHETHER DEFENDANT SHOULD WITHDRAW HIS GUILTY PLEA. THE TRIAL COURTS' REFUSAL TO GRANT A CONTINUANCE WAS IN VIOLATION OF DEFENDANT'S RIGHTS UNDER AMENDMENTS V, VI, AND VIII, OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 5, 10, AND 16, OF THE OHIO CONSTITUTION.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant, in his sole assignment of error, contends that the trial court abused its discretion in overruling appellant's oral motion for a continuance of the sentencing hearing. As is stated above, at the sentencing hearing, appellant requested that the trial court defer sentencing if the trial court intended to sentence appellant to prison rather than follow appellee's recommendation of community control. Appellant now argues that the trial court, in refusing to defer sentencing, abused its discretion since, based on the new charges, additional time was needed for appellant to confer with counsel and determine whether appellant should file a motion to withdraw his guilty plea in the case sub judice.
The decision to grant or deny a continuance is generally committed to the sound discretion of the trial court. State v. Grant (1993),67 Ohio St.3d 465, 479; State v. Lorraine (1993), 66 Ohio St.3d 414,423. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Upon our review of the record, we find that the trial court did not abuse its discretion in denying appellant's oral request for a continuance of the sentencing hearing since such decision was not arbitrary, unconscionable or unreasonable. Since the sentencing hearing in this matter was held over five weeks after the plea hearing, appellant had ample time to confer with counsel prior to sentencing. While appellant contends that a continuance of the sentencing hearing was needed in this matter so that appellant and his counsel could decide, whether or not to file a motion to withdraw appellant's guilty plea, there is no evidence on the record that appellant filed a motion to withdraw with the trial court or even that appellant indicated to the trial court that he was contemplating filing such a motion or the basis for such motion. Moreover, while appellee, at the plea hearing, recommended community control sanctions, appellant clearly was aware that the trial court was not bound to follow such recommendation. Finally, while the court, in sentencing appellant to prison, did note appellant's October 3, 2000, arrest, such factor was just one of many factors that the trial court cited to in sentencing appellant to prison. Appellant, therefore, has not shown how he was prejudiced by the trial court's refusal to defer sentencing.
Appellant's sole assignment of error is, therefore, overruled.
Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.
 ________________________________ By Edwards, P.J.
Gwin, J. and Wise, J. concurs.